IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RAYNARD PAIGE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:23-cv-303-N |
| | § | |
| STATE FARM LLOYDS, | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM OPINION AND ORDER

This Order addresses Plaintiff Raynard Paige's motion for finding that appraisal is waived, or in the alternative, entry of scheduling order deadlines governing appraisal [13]. For the following reasons the Court denies the motion.

### I. ORIGINS OF THE MOTION

This case arises from a dispute over the cost of damage to Paige's home after windstorms in 2021. Pl.'s Mot. for Appraisal ¶ 6. State Farm quoted the damages to be approximately $899.18, which fell below the $1,204.00 policy deductible. *Id.* Paige invoked the contract-based insurance appraisal on June 6, 2022. *Id.* State Farm responded to Paige's appraisal demand and designated an appraiser. Def.'s Resp. ¶ 3 [15]. On July 17, 2023, the appraisers invoked the services of an umpire. *Id.* On December 20, 2022, while appraisal was still in progress, Paige filed suit in state court against State Farm for various claims including breach of contract and violations of the DTPA. *See generally* Pl.'s Orig. Pet. [1-3]. Paige stated in his original petition that he sought monetary relief of $250,000 or less. *Id.* at ¶ 56. Paige's demand letter sought actual damages of $83,150.70,

MEMORANDUM OPINION AND ORDER – PAGE 1

attorney's fees of $1,500.00, and interest in the amount of $8,315.07, amounting to a total demand of $92,965.77.  *See generally* Pl.'s Pre-Suit Notice Demand Letter [1-6].  Pursuant to 28 U.S.C. § 1446(b), State Farm timely removed this suit to federal court.  Def.'s Notice of Removal [1].  Since the filing of this motion, an appraisal award has been entered and sent to a claims specialist, mooting Paige's request of the Court to enter scheduling deadlines governing appraisal and State Farm's response seeking abatement.  *See* Def.'s Status Report [19].  The Court now turns to the issue of whether State Farm waived appraisal.

## II.  STATE FARM DID NOT WAIVE APPRAISAL

Paige argues that "State Farm cannot have it both ways," because by insisting that the amount in controversy is over $75,000, State Farm waives the appraisal it views to be worth $898.18.  Pl.'s Mot. For Appraisal ¶ 10.  First, Paige presents no facts or evidence to establish that State Farm waived appraisal.  Second, it is not State Farm's original appraisal amount that determines the amount in controversy, or even the amount eventually awarded by the umpire.  As stated in the Court's previous order, "the jurisdictional facts must be judged as of the time the complaint is filed."  *Hartford Ins. Grp. v. Lou-Con Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (quoting *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1252 (5th Cir. 1998)).  Order 2, May 5, 2023 [11].  The Court maintains its previous holding that State Farm satisfied its amount in controversy required for diversity jurisdiction because "[w]hen Paige filed his lawsuit, he placed damages of up to $250,000 in controversy, and State Farm has provided evidence that Paige previously valued his

MEMORANDUM OPINION AND ORDER – PAGE 2

claims to be worth at least $83,150,70, exceeding the $75,000 requirement" for diversity jurisdiction. *Id.*

In fact, it is Paige who wants it both ways. Paige invoked appraisal, and while appraisal was in process, filed this suit seeking damages of more than $75,000. Apparently because the appraisal process will likely result in an award of much less, Paige wants the Court to allow him to back out the appraisal process under the guise that State Farm waived appraisal. Thus, Paige's motion is no more than a roundabout way for him to withdraw from the appraisal process, which cannot be allowed. Texas courts are clear that "[a]n appraisal clause 'binds the parties to have the extent or amount of loss determined in a particular way.'" *State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 895 (Tex. 2009) (quoting *In re Allstate Cnty. Mut. Ins. Co.*, 85 S.W.3d 193, 195 (Tex. 2002)). Paige cites no authority to support the assertion that a potential appraisal award of less than $75,000 should retroactively strip the Court of jurisdiction or that by maintaining that the amount in controversy exceeded $75,000, State Farm has effectively waived appraisal that it originally valued at $898.18. Accordingly, the Court denies Paige's motion for finding appraisal waived.

## CONCLUSION

Because Paige presents no facts or evidence that State Farm has waived appraisal and cites no authority as to why this set of facts should amount to waiver, the Court denies Paige's motion for finding that appraisal is waived. Furthermore, because the appraisal award has been entered the Court finds both Paige's request to have deadlines set in place for appraisal and State Farm's request for abatement to be moot.

Signed April 23, 2024.

_____
David C. Godbey
Chief United States District Judge