IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RAYNARD PAIGE, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 3:23-cv-00303-N |
| | § | |
| STATE FARM LLOYDS, | § | |
| | § | |
| | § | |
| DEFENDANT. | § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Subject to his Motion to Reconsider Remand,[1] Plaintiff files this his First Amended Complaint, and would respectfully show the following:

## OVERVIEW

1.     Plaintiff, Raynard Paige ("Plaintiff" or "Paige") had his home battered by severe weather, including wind and hail damages to his roof, the displacement and fracture of roof shingles, water infiltration into his home and his outdoor shed, and damage to his personal belongings and furniture. State Farm Lloyds ("State Farm") is Mr. Paige's insurance company. So he submitted a claim to State Farm for the damages suffered. In response, State Farm found covered damages arising out of the loss, but determined that the damages were beneath the deductible. There has long been a dispute about how much damage resulted in the loss. However, there has never been any dispute that there is a covered loss.

2.     Mr. Paige reported the damage and filed his claim to State Farm on February 15, 2022.[2] State Farm continued to (or at least pretend to) adjust the claim. There were 9 entries State Farm's adjusters

---

[1] *See* Plaintiff's Motion to Reconsider Remand (August 21, 2024) [Dkt. 30].

[2] *See* State Farm's Claim File at Document SF/PAIGE 52.

made in Mr. Paige's Claims File from March 4, 2022 to April 23, 2022.[3] This included at least five text messages that State Farm sent Mr. Paige following up on his claim.[4] However, despite appearing to continue to adjust the claim, State Farm neither closed the claim nor paid the claim.

3. Finally, on June 6, 2022, after three months and 22 days of State Farm playing with the claim, Mr. Paige issued a demand for appraisal.[5] On June 26, 2022, State Farm issued correspondence stating that:[6]

> Please be advised appraisal cannot be used to determine coverage and, therefore, our investigation and our coverage decisions communicated to you on March 4, 2022 will be considered if an appraisal award is received.

State Farm continues, effectively warning Mr. Paige that it would not be bound by any appraisal award because it could also claim that it was not covered:[7]

> h. Appraisal is only available to determine the amount of the loss of each item in dispute. The appraisers and the umpire have no authority to decide:
> (1) any other questions of fact;
> (2) questions of law;
> (3) questions of coverage;
> (4) other contractual issues; or
> (5) to conduct appraisal on a class-wide basis.

Then State Farm states:[8]

---

[3] *See* State Farm's Claim File at Document SF/PAIGE 99-100.

[4] *See* State Farm's Claim File at Document SF/PAIGE 99-100.

[5] *See* State Farm's Claim File at Document SF/PAIGE 378.

[6] *See* State Farm's Claim File at Document SF/PAIGE 320.

[7] *See* State Farm's Claim File at Document SF/PAIGE 320.

[8] *See* State Farm's Claim File at Document SF/PAIGE 320.

PLAINTIFF'S FIRST AMENDED COMPLAINT

> You have stated there are areas of disagreement regarding the scope of damage and the amount of repairs necessary to return your home to its pre-loss condition.
>
> For this reason and for other reasons which may become known, you are advised that any action taken by State Farm or its authorized representatives in the investigation of the cause of loss, the determination of the amount of loss or damage, or any attempt to adjust any claim arising out of the alleged loss shall not waive any of the terms or conditions of the Homeowners Basic Policy H2-3243, nor shall such action waive any of your rights under the policy.
>
> By agreeing to participate in the appraisal process, State Farm is not waiving any of the policy provisions, conditions, exclusions or limitations, and in fact, intends to rely on them throughout the appraisal process. The appraisal award will be subject to the policy's provisions, conditions, exclusions and limitations.

Even with appraisal, State Farm made clear that it may never honor the appraisal award at all. Under the pretense of claiming that there is no coverage – despite the fact that State Farm already found covered damages – State Farm could simply disregard the appraisal award and pay nothing.

4.  However, despite the fact that the claim was in appraisal. State Farm still refused to proceed with appraising and promptly paying the claim. Days turned to weeks, turned to months. On August 15, 2022, State Farm began issuing the same form, boilerplate letter, purporting to update Mr. Paige "on the current appraisal status for your claim."[9] In reality, this was State Farm "papering the file." No progress took place. It repeated on August 29, 2022,[10] September 12, 2022,[11] September 26, 2022,[12] October 11, 2024,[13] October 24, 2022,[14] October 26, 2022,[15] and November 21, 2022.[16]

5.  After six months and four days of purported appraisal, it was clear to Mr. Paige that State Farm was not going to appraise and pay his claim. State Farm had also made it clear that, despite the issuance

---

[9] *See* State Farm's Claim File at Document SF/PAIGE 247/480.

[10] *See* State Farm's Claim File at Document SF/PAIGE 477.

[11] *See* State Farm's Claim File at Document SF/PAIGE 474.

[12] *See* State Farm's Claim File at Document SF/PAIGE 470.

[13] *See* State Farm's Claim File at Document SF/PAIGE 458.

[14] *See* State Farm's Claim File at Document SF/PAIGE 455.

[15] *See* State Farm's Claim File at Document SF/PAIGE 241.

[16] *See* State Farm's Claim File at Document SF/PAIGE 453.

PLAINTIFF'S FIRST AMENDED COMPLAINT

of any appraisal award, it could still refuse to pay the award. So the only way Mr. Paige was ever going to see a single cent would be for him to file a lawsuit. So on December 20, 2022, Mr. Paige filed this lawsuit.

6. State Farm continued to delay. On December 6, 2023, almost one year after suit was filed, the appraisal award still had not come. So Mr. Paige, through his counsel, filed a Motion for Finding That Appraisal is Waived, or in the Alternative, Entry of Scheduling Order Deadlines Governing Appraisal.[17] State Farm Lloyds inexplicably opposed the setting of deadlines governing appraisal. After this filing, on January 8, 2024, some appraisal award was reached. However, it wasn't until 22 days later, on January 30, 2024 that State Farm finally paid issued a check and paid its first cent on the claim. State Farm had managed to delay the prompt resolution of this claim almost two entire years – from February 15, 2022 to January 30, 2024.

7. State Farm's delay in adjusting his claim and delaying the appraisal process and through this litigation has caused independent injury to Mr. Paige. The deliberate and ongoing delay orchestrated by State Farm resulted in independent injuries to Mr. Paige.

8. First, Mr. Paige was forced to employ a public adjuster and an appraiser to address the ongoing delay and failure to adjust his claim. This resulted in additional costs that would not have been necessary had State Farm complied with Texas law in promptly investigating and paying his claim.

9. Second, Mr. Paige has suffered injuries to his physical and mental health. Mr. Paige's physical health has been damaged by State Farm's actions. Mr. Paige was hospitalized and taken to the emergency room when his high blood pressure condition was exacerbated and his blood pressure reached dangerous levels. Mr. Paige suffers from diabetes, and his blood sugar spiked as a result of State Farm's actions, requiring hospitalization. This has resulted in Mr. Paige suffering physical injury and impairment,

---

[17] *See* Motion for Finding That Appraisal is Waived, or in the Alternative, Entry of Scheduling Order Deadlines Governing Appraisal [Dkt. 13].

mental anguish, and emotional distress as a result of State Farm's actions. In addition, due to the prolonged waiting, Mr. Paige has accumulated medical bills, feelings of hopeless and anxiety, and feelings of isolation and frustration. This damage to Mr. Paige's health, including hospitalization as a result of spiking blood sugar and complications of diabetes, continue to be inflicted upon Mr. Paige. As a result, Mr. Paige is entitled to recover these damages.

10. Third, Mr. Paige's damaged home received a Code Enforcement Violation Notice from the City of Balch Springs. On January 12, 2023, the City of Balch Springs issued a notice that Mr. Paige's damaged home was in violation of City Ordinances. The Notice stated that Mr. Paige was required to make repairs to the property to come into compliance with City Ordinance. Had State Farm promptly adjusted and paid his claim, the property would not have deteriorated to this condition. Mr. Paige's property has suffered in value as a result. The public damage and deterioration of his property has also resulted in damage to Mr. Paige's reputation. This constitutes an independent injury under Texas law. Had State Farm promptly paid the claim in accordance with the Texas Prompt Payment of Claims Act, such injury would not have occurred.

11. For these reasons, Mr. Paige is entitled to recover for independent injury under Texas law.

## PARTIES

12. Plaintiff Raynard Paige is a resident of Dallas County, Texas.

13. Defendant State Farm has appeared, answered suit, and removed this case to this federal court.

## COMPLIANCE WITH TEXAS INSURANCE CODE SECTION 542A

14. Plaintiff has fully complied with all preconditions under statute. Plaintiff served Defendant with the required correspondence under the Texas Insurance Code, and all required notice periods have elapsed. TEX. INS. CODE § 542A.003 (West).

## CONDITIONS PRECEDENT

15.     All conditions precedent to Plaintiff's right to recover and to Defendant's liability have occurred and/or have been performed.

## JURISDICTION AND VENUE

16.     State Farm removed this case to this federal court. However, it never should have been removed and does not belong here now.

17.     Plaintiff filed a Motion to Remand,[18] his Reply in Support of his Motion to Remand,[19] and has filed a Motion to Reconsider Remand[20] that is currently pending.

## FACTUAL BACKGROUND

18.     Mr. Paige reported the damage and filed his claim to State Farm on February 15, 2022.[21] On March 2, 2022, State Farm found that Mr. Paige's loss was covered. It issued correspondence stating:[22]

> State Farm® agrees there is covered damage caused by wind to the areas which we have itemized in our estimate. Please note, the claim adjustment for these covered damages reflects the applicable policy deductible.

State Farm apparently continued to adjust the claim. State Farm asked Mr. Paige to submit his own estimates for the amount of loss:[23]

> Since the loss is less than your $1,204.00 deductible, no payment can be made at this time. If you receive estimates related to this loss that exceed your deductible please promptly forward these for our review prior to repairing or replacing the property.

So that is what Mr. Paige did. Mr. Paige obtained other photographs and an Xactimate® for his damages,

---

[18] *See* Plaintiff's Motion to Remand (March 13, 2023) [Dkt. 6].

[19] *See* Plaintiff's Reply in Support of his Motion to Remand (April 19, 2023) [Dkt. 10].

[20] *See* Plaintiff's Motion to Reconsider Remand (August 21, 2024) [Dkt. 30].

[21] *See* State Farm's Claim File at Document SF/PAIGE 52.

[22] *See* State Farm's Claim File at Document SF/PAIGE 483.

[23] *See* State Farm's Claim File at Document SF/PAIGE 94.

and submitted that to State Farm. Rather than consider the additional submissions by Mr. Paige, on April 12, 2022, State Farm's desk adjuster reviewed photographs of the damages and decided that the amount of the damage was still only $899.18.

19.     However, both before, during and after the appraisal process – instead of appropriately employing the appraisal process to calculate the amount of loss – State Farm engaged in a pattern of forcible delay.[24] Instead of resolving the claim – which the Texas Prompt Payment of Claims Act requires, <u>even in an appraisal</u>[25] – Allstate delayed the appraisal and the calculation of loss that was to be made there.[26]

20.     As a result, Mr. Paige suffered independent injury. Throughout this entire delay, Mr. Paige's home has gone from damaged to decimated. The water infiltration that State Farm had discovered during its inspection on March 4, 2022 had continued to disintegrate Mr. Paige's roof and home. From March 4, 2022 until January 30, 2024, State Farm had managed to illegally delay the resolution of the claim and inflict upon Mr. Paige injuries that are independently recoverable under Texas law. Had Allstate promptly paid the claim in accordance with the Texas Prompt Payment of Claims Act, such injuries would not have occurred.

21.     This constitutes an independent injury under Texas law. Had Allstate promptly paid the claim in accordance with the Texas Prompt Payment of Claims Act, such injury would not have occurred.

22.     First, Mr. Paige was forced to employ a public adjuster and an appraiser to address the ongoing delay and failure to adjust his claim. This resulted in additional costs that would not have been necessary had State Farm complied with Texas law in promptly investigating and paying his claim.

23.     Second, Mr. Paige has suffered injuries to his physical and mental health. Mr. Paige's physical health has been damaged by State Farm's actions. Mr. Paige was hospitalized and taken to the

---

[24] *See* Plaintiff's Motion for Entry of Scheduling Order Governing Appraisal (Subject to Pending Motion to Remand) [Dkt. 9] at 1-2.

[25] Tex. Ins. Code Ann. §§ 542.058, 542.060; *see Barbara Technologies Corp. v. State Farm Lloyds,* 589 S.W.3d 806 (Tex. 2019); *Ortiz v. State Farm Lloyds,* 589 S.W.3d 127 (Tex. 2019).

[26]

emergency room when his high blood pressure condition was exacerbated and his blood pressure reached dangerous levels. Mr. Paige suffers from diabetes, and his blood sugar spiked as a result of State Farm's actions, requiring hospitalization. This has resulted in Mr. Paige suffering physical injury and impairment, mental anguish, and emotional distress as a result of State Farm's actions. In addition, due to the prolonged waiting, Mr. Paige has accumulated medical bills, feelings of hopeless and anxiety, and feelings of isolation and frustration. This damage to Mr. Paige's health, including hospitalization as a result of spiking blood sugar and complications of diabetes, continue to be inflicted upon Mr. Paige. As a result, Mr. Paige is entitled to recover these damages.

24. Third, Mr. Paige's damaged home received a Code Enforcement Violation Notice from the City of Balch Springs. On January 12, 2023, the City of Balch Springs issued a notice that Mr. Paige's damaged home was in violation of City Ordinances. The Notice stated that Mr. Paige was required to make repairs to the property to come into compliance with City Ordinance. Had State Farm promptly adjusted and paid his claim, the property would not have deteriorated to this condition. Mr. Paige's property has suffered in value as a result. The public damage and deterioration of his property has also resulted in damage to Mr. Paige's reputation. This constitutes an independent injury under Texas law. Had State Farm promptly paid the claim in accordance with the Texas Prompt Payment of Claims Act, such injury would not have occurred.

25. For these reasons, and as set forth more specifically herein, Plaintiff brings and maintains suit against State Farm.

## CAUSES OF ACTION

### INDEPENDENT INJURY AND INDEPENDENT LOSS OF BENEFITS

26. Plaintiff incorporates the foregoing paragraphs verbatim, as if fully set forth herein.

27. State Farm's statutory violations caused an injury independent of the Mr. Paige's right to

recover policy benefits. State Farm does not dispute in this case that the Plaintiff is entitled to his benefits under the insurance policy. Due to the acts and/or omissions of State Farm, Plaintiff has nevertheless suffered damages that are independent of those that would have resulted solely from a wrongful denial of his benefits. Mr. Paige suffered actual damages caused by the State Farm's bad-faith conduct, and such damages are separate from and differ from benefits under the contract.[27] State Farm's acts and/or omissions that caused these independent injuries are extreme.

28. State Farm's acts and/or omissions caused Mr. Paige to lose benefits he otherwise would have had under the insurance policy. First, State Farm's acts and/or omissions caused Mr. Paige to lose contractual rights. Such losses constitute actual damages that Mr. Paige has suffered. Second, State Farm's statutory violations prejudiced Mr. Paige, estopping State Farm from denying benefits that would have been payable and are to Mr. Paige. Third, State Farm's acts and/or omissions actually caused the policy not to cover losses that it otherwise would have covered.[28]

29. As a result, Mr. Paige suffered independent injury. State Farm's delay in adjusting his claim and delaying the appraisal process and through this litigation has caused independent injury to Mr. Paige. The deliberate and ongoing delay orchestrated by State Farm resulted in independent injuries to Mr. Paige.

30. First, Mr. Paige was forced to employ a public adjuster and an appraiser to address the ongoing delay and failure to adjust his claim. This resulted in additional costs that would not have been necessary had State Farm complied with Texas law in promptly investigating and paying his claim.

31. Second, Mr. Paige has suffered injuries to his physical and mental health. Mr. Paige's physical health has been damaged by State Farm's actions. Mr. Paige was hospitalized and taken to the emergency room when his high blood pressure condition was exacerbated and his blood pressure reached

---

[27] *See United States Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 498-500 (Tex. 2018).
[28] *Id.*

dangerous levels. Mr. Paige suffers from diabetes, and his blood sugar spiked as a result of State Farm's actions, requiring hospitalization. This has resulted in Mr. Paige suffering physical injury and impairment, mental anguish, and emotional distress as a result of State Farm's actions. In addition, due to the prolonged waiting, Mr. Paige has accumulated medical bills, feelings of hopeless and anxiety, and feelings of isolation and frustration. This damage to Mr. Paige's health, including hospitalization as a result of spiking blood sugar and complications of diabetes, continue to be inflicted upon Mr. Paige. As a result, Mr. Paige is entitled to recover these damages.

32. Third, Mr. Paige's damaged home received a Code Enforcement Violation Notice from the City of Balch Springs. On January 12, 2023, the City of Balch Springs issued a notice that Mr. Paige's damaged home was in violation of City Ordinances. The Notice stated that Mr. Paige was required to make repairs to the property to come into compliance with City Ordinance. Had State Farm promptly adjusted and paid his claim, the property would not have deteriorated to this condition. Mr. Paige's property has suffered in value as a result. The public damage and deterioration of his property has also resulted in damage to Mr. Paige's reputation. This constitutes an independent injury under Texas law. Had State Farm promptly paid the claim in accordance with the Texas Prompt Payment of Claims Act, such injury would not have occurred.

33. All of these constitute independent injury under Texas law. For these and other reasons, Plaintiff brings and maintains suit against State Farm for independent injuries suffered and independent loss of benefits.

## **UNFAIR SETTLEMENT PRACTICES - VIOLATIONS OF THE TEXAS INSURANCE CODE**

34. Plaintiff incorporates the foregoing paragraphs verbatim, as if fully set forth herein.

35. State Farm's conduct, acts, and/or omissions constitute Unfair Settlement Practices pursuant to Texas Insurance Code §541.060(a). See TEX. INS. CODE.§541.060(a). All violations under this article

are made actionable by TEX. INS. CODE §541.151.

36. State Farm failed to attempt to effectuate a prompt, fair and equitable settlement of Plaintiff's claim, to which liability had become reasonably clear. TEX. INS. CODE §541.060(a)(2)(A). State Farm had full opportunity to inspect all aspects of the property, yet still refused reasonably to investigate or fully pay the Claim.

37. State Farm failed to promptly provide Plaintiff with a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for their partial denial of their Claim. TEX. INS. CODE §541.060(a)(3). After months of delay, State Farm has still failed to provide a reasonable explanation for its refusal to accept and pay the claim in full.

38. State Farm failed to adopt and implement reasonable standards for prompt investigation of claims arising under its policies. TEX. INS. CODE §541.060(a)(4)(A). State Farm permitted its adjusters to delay resolution of Plaintiff's claim for months without issuing a legitimate, legal and supportable coverage decision or reservation of rights. In this way, State Farm failed within a reasonable time to affirm or deny coverage of the Plaintiff's claim. TEX. INS. CODE §541.060(a)(4)(A). State Farm also failed within a reasonable time to submit a legitimate, legal and supportable reservation of rights to the Plaintiff. TEX. INS. CODE §541.060(a)(4)(B).

39. State Farm Allstate failed to respond to the Plaintiff's inquiries for weeks, then months. State Farm delayed for over an entire year. During this time, State Farm violated numerous provisions of the Texas Insurance Code requiring that it reasonably investigate and promptly pay the claim.

40. State Farm refused and/or unreasonably delayed any settlement offer under applicable first-party coverage on the basis that third parties were responsible for the damages suffered. TEX. INS. CODE §541.060(a)(5). State Farm allowed its adjusters to avoid paying the Plaintiff's Claim by claiming the amount of the claim does not exceed your applicable policy deductible

41. State Farm refused to pay Plaintiff's claim without conducting a reasonable investigation with respect to the claim. TEX. INS. CODE §541.060(a)(7). State Farm's nearly year-long delay in investigating and paying the claim.

## FAILURE TO MAKE PROMPT PAYMENT OF CLAIM - VIOLATIONS OF THE TEXAS INSURANCE CODE

42. Plaintiff incorporates the foregoing paragraphs verbatim, as if fully set forth herein.

43. State Farm failed to timely request from the Plaintiff all items, statements, and forms that it was reasonably believed, at that time, would be required of it. TEX. INS. CODE §542.055(a).

44. State Farm failed to timely notify the Plaintiff of the purported reasons that she needed any additional time to investigate the Claim. TEX. INS. CODE §542.056(d). State Farm also failed within a reasonable time to submit a legitimate, legal and supportable reservation of rights to the Plaintiff. TEX. INS. CODE §541.060(a)(4)(B).

45. State Farm delayed payment of the Plaintiff's claim for more than 60 days after receiving all items, statements, and other forms that she could reasonably request and require to investigate the claim as permitted by Texas Insurance Code §542.055(a) and §542.058(a). See TEX. INS. CODE §542.055(a). TEX. INS. CODE §542.058(a).

## FAILURE TO TENDER PAYMENT

46. Plaintiff incorporates the foregoing paragraphs verbatim, as if fully set forth herein.

47. State Farm notified Mr. Paige that payment would be issued, but failed to do so by the fifth business day after the date the notice is made. Tex. Ins. Code Ann. §542.056.

48. For this reason, Plaintiff brings suit for recovery of any and all amounts due.

## STATUTORY INTEREST - VIOLATIONS OF THE TEXAS INSURANCE CODE

49. Plaintiff incorporates the foregoing paragraphs verbatim, as if fully set forth herein.

50. Plaintiff seeks penalties in the minimum amount of statutory interest available on the total

value of its claims, as well as reasonable attorney's fees, for State Farm's violations of Texas Insurance Code Subchapter B, pursuant to Texas Insurance Code §542.060. TEX. INS. CODE §542.060.

51. State Farm has still failed to properly calculate and pay the statutory interest that is due. Accordingly, for the remaining statutory interest due, Plaintiff has suffered damages and seeks recovery of all such damages herein.

## BREACH OF CONTRACT

52. Plaintiff incorporates the foregoing paragraphs verbatim, as if fully set forth herein.

53. State Farm and Plaintiff were party to an enforceable insurance contract. Plaintiff performed its contractual obligations, including paying monthly premiums for State Farm to provide insurance coverage.

54. However, State Farm has failed to perform its contractual obligations and has breached its contract - the Policy - with Plaintiff. State Farm breached its contract in failing to pay the amount of the appraisal award. State Farm breached its contract in failing to proceed through its own appraisal process promptly under the Texas Prompt Payment of Claims Act. TEX. INS. CODE §542.055; 542.060.

55. As a result of such breaches, Plaintiff have suffered damages and seeks recovery of all such damages herein.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

56. Plaintiff incorporates the foregoing paragraphs verbatim, as if fully set forth herein.

57. State Farm had a duty to deal fairly and in good faith with the Plaintiff in processing her Claim.

58. State Farm breached this duty by refusing to properly investigate and wrongfully denying Plaintiff the benefits to which the Policy entitled him.

59. State Farm knew or should have known that they had no reasonable basis for denying or

delaying Plaintiff's prescribed benefits under the Policy.

60. As a result of State Farm's breach of its legal duties, the Plaintiff suffered damages and seeks recovery of same herein.

61. The acts and/or omissions of State Farm proximately caused the Plaintiff's damages.

## VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES-CONSUMER PROTECTION ACT

62. Plaintiff incorporates the foregoing paragraphs verbatim, as if fully set forth herein.

63. The Deceptive Trade Practices-Consumer Protection Act (DTPA) provides additional protections to consumers who are victims of deceptive, improper, or illegal practices. Defendants' violations of the Texas Insurance Code create a cause of action under the DTPA. Defendants' violations of the Texas Insurance Code, as set forth herein, specifically violate the DTPA as well.

64. Mr. Paige is entitled to the actual damages resulting from the Defendant's violations of the law. These damages include the consequential damages to his economic welfare from the wrongful denial and delay of benefits; the mental anguish and physical suffering resulting from this wrongful denial of benefits, and continued impact on Mr. Paige; lost credit reputation; and the other actual damages permitted by law. In addition, Mr. Paige is entitled to exemplary damages.

65. The acts and/or omissions of State Farm proximately caused the Plaintiff's damages.

## DECLARATORY JUDGMENT

66. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

67. First, Plaintiff herein seeks a declaratory judgment on the Policy declaring that State Farm is liable for the claims submitted by Plaintiff. Fed. R. Civ. P. 57; 28 U.S.C. §2201. Plaintiff seeks declaratory judgment that the losses suffered by the Plaintiff come within the coverage provisions of, and are not excluded by, the applicable insurance policies.

68. Second, Plaintiff also herein seeks a declaratory judgment on the Policy declaring that State

Farm's insurance policy is ambiguous, and therefore any interpretation must be interpreted against State Farm and/or declared unenforceable as it is irremediably ambiguous.[29]

## I. State Farm's Homeowners Basic Amendatory Endorsement Fails to Set an Installation Date From Which the Age of the Insured's Roof is to be Determined

69. First, State Farm's Homeowners Basic Amendatory Endorsement – Roof Surfaces fails to set an installation date from which the age of Mr. Paige's roof can be determined. As a result, the Homeowners Basic Amendatory Endorsement – Roof Surfaces[30] is ambiguous as to any reduction of damages to which State Farm may contend that it is entitled.[31]

70. The Homeowners Basic Amendatory Endorsement – Roof Surfaces[32] purports to reduce payment for the insured's roof by an applicable percentage "based on [the] date of roof installation as previously provided by you and shown in the Declarations."[33] However, the Declarations do not contain a date. The Declarations reference an entire year of dates.[34]

```
Construction:     Masonry Veneer        Roof Material: Composition Shingle
Year Built:       1982                  Roof Installation Year:  2013

Automatic Renewal
If the POLICY PERIOD is shown as 12 MONTHS, this policy will be renewed automatically subject to the premiums, rules,
and forms in effect for each succeeding policy period. If this policy is terminated, we will give you and the Mortgagee/Lien-
holder written notice in compliance with the policy provisions or as required by law.
```

The date State Farm wants to use as the starting point for determining the age of Mr. Paige's roof is not one date, but 365 dates. Depending upon on what date in the year the calculation is made, the number of years changes.

---

[29] *See* Plaintiff's First Sur-Reply in Opposition to Defendant's Motion for Summary Judgment [Dkt. 40].

[30] *See* State Farm's Appendix to Motion for Summary Judgment [Dkt. 25] at PageID352-6.

[31] *See* Plaintiff's First Sur-Reply in Opposition to Defendant's Motion for Summary Judgment [Dkt. 40].

[32] *See* State Farm's Appendix to Motion for Summary Judgment [Dkt. 25] at PageID352-6.

[33] *Id.*

[34] *See* State Farm's Appendix to Motion for Summary Judgment [Dkt. 25] at PageID347.

PLAINTIFF'S FIRST AMENDED COMPLAINT

71.     There is no reasonable way to pick one of 365 dates under the Homeowners Basic Amendatory Endorsement – Roof Surfaces. Fed. R. Civ. P. 57; 28 U.S.C. §2201. Accordingly, the Homeowners Basic Amendatory Endorsement should: (1) be interpreted to favor State Farm's insured; or be declared unenforceable, as any one date of the 365 results in an irremediable ambiguity.

## II.     State Farm's Homeowners Basic Amendatory Endorsement Fails to Specify an End Date at Which the Age of the Insured's Roof is to be Determined

72.     Second, State Farm's Homeowners Basic Amendatory Endorsement – Roof Claims fails to specify an end date at which the age of the insured's roof is to be determined. So, for this reason as well, it should: (1) be interpreted to favor State Farm's insured; or be declared unenforceable, as any one date of the 365 results in an irremediable ambiguity.[35]

73.     The Homeowners Basic Amendatory Endorsement – Roof Surfaces[36] does not state at what end time the age of the roof is to be calculated. The reported date of loss was May 3, 2021; however, the claim was reported on February 15, 2022, so the date that State Farm was obligated to pay the loss (and from which statutory interest is calculated) would be April 16, 2022.[37] Finally, due to State Farm's years of delay, the Appraisal Award was not issued until January 8, 2024. State Farm finally paid its first cent on the claim in a check dated January 30, 2024.

74.     The Homeowners Basic Amendatory Endorsement – Roof Surfaces[38] says nothing about which of these dates is the end date for determining the age of the roof. The Homeowners Basic Amendatory Endorsement – Roof Surfaces wholly fails to specify on which of these dates the age of Mr. Paige's roof is to be determined. Yet the dates span a total of two years, eight months and 27 days. The age of Mr. Paige's

---

[35] *See* Plaintiff's First Sur-Reply in Opposition to Defendant's Motion for Summary Judgment [Dkt. 40].

[36] *See* State Farm's Appendix to Motion for Summary Judgment [Dkt. 25] at PageID352-6.

[37] *See* TEX. INS. CODE ANN. §§542.058(a); 542.060(a).

[38] *See* State Farm's Appendix to Motion for Summary Judgment [Dkt. 25] at PageID352-6.

roof could be 7, 8, 9, or a different number of years. As noted above, the amount of damages State Farm must calculate and pay Mr. Paige would still be different under each of these separate roof age determination dates.

75. With regard to the end date for determining the age of the roof, it is subject to more than one reasonable interpretation, and so cannot be construed against the insured. In reality, the Endorsement is so poorly crafted, that it could be subject to a span of two years, eight months and 27 days of separate reasonable interpretations, as the ambiguity stretches for this entire time span.

76. For this independent reason as well, this Court should declare State Farm's Homeowners Basic Amendatory Endorsement – Roof Surfaces should: (1) be interpreted to favor State Farm's insured; or be declared unenforceable, as any one date of the 365 results in an irremediable ambiguity. Fed. R. Civ. P. 57; 28 U.S.C. §2201.

### III. Combined, the Installation Date Ambiguity and the End Date Ambiguity Render State Farm's Endorsement Unenforceable

77. With both an unavoidable ambiguity in the initial installation date for the roof and an unavoidable ambiguity in the end date at which the age of the roof is determined, State Farm's Homeowners Basic Amendatory Endorsement – Roof Surfaces is irremediably ambiguous. There is no ascertainable date from which the purported age of the roof should be determined, and there is no ascertainable date as to when the age of it should determined. Accordingly, State Farm's Homeowners Basic Amendatory Endorsement – Roof Surfaces should be declared to be unenforceable as a matter of law. Fed. R. Civ. P. 57; 28 U.S.C. §2201.

78. For these reasons, Plaintiff seeks declaratory judgment from this Court.

## ATTORNEY'S FEES

79. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

80. Pursuant to Texas Civil Practice & Remedies Code §38.001, Texas Insurance Code

§542.060, and any and all other statutes and laws providing for recovery of such costs and fees, Plaintiffs is entitled to recover all costs, expenses, and reasonable attorney's fees, as allowed under law. Plaintiff respectfully seeks such recovery herein.

## JURY DEMAND

81. The Plaintiff has demanded a trial by jury and have paid the appropriate fee to the clerk of the Court.

## PRAYER FOR RELIEF

82. WHEREFORE PREMISES CONSIDERED, Plaintiff prays that, upon final trial and hearing hereof:

(a) Judgment be entered against the Defendant to recover actual economic damages;

(b) Judgment be entered for independent injury damages;

(c) Judgment be entered against Defendant Allstate for attorney's fees, costs and expenses incurred by Plaintiff through all appeals;

(d) Declaratory judgment be entered as requested herein;

(e) Pre judgment and post judgment interest be awarded to the Plaintiff at the maximum rate permitted by law;

(f) Costs of suit be awarded to the Plaintiff; and

(g) Any and all such other and further relief to which the Plaintiff may be justly entitled.

Respectfully submitted,

*/s/ George B. Murr*

George B. Murr
Texas Bar No. 00794348
murr@my-lawyers.com
Murr Law, P.L.L.C.
4101 Washington Avenue
Houston, Texas 77007
Telephone: 713-966-6141
Fax: 713-588-2412


William W. Lundquist
Lundquist Law Firm, LLP
Texas Bar No.: 24041369
675 Bering Dr., Ste. 850
Houston, Texas 77057
Will@LundquistLawFirm.com
Telephone: (346) 704-5295
Facsimile: (713) 583-5586

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

  This is to certify that a true and correct copy of the foregoing instrument was forwarded to counsel of record, pursuant to the applicable Local Rules and the Federal Rules of Civil Procedure:

*/s/ George B. Murr*
George B. Murr